NOT DESIGNATED FOR PUBLICATION

No. 112,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD RAY DEAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Meade District Court; VAN Z. HAMPTON, judge. Opinion filed September 11, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before HILL, P.J., BUSER, J. and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam*:  This is an appeal from the resentencing of Donald Ray Dean. The Kansas Supreme Court vacated Dean's prior sentence, a downward departure from the 25-year mandatory minimum life sentence under Jessica's Law to a 20 years to life indeterminate sentence. See *State v. Dean*, 298 Kan. 1023, 1039, 324 P.3d 1023 (2014). On remand, the district court again departed from Jessica's Law, but this time sentenced Dean to a 277-month determinate sentence under the Kansas Sentencing Guidelines Act.

Dean raises two issues on appeal. First, he contends the district court abused its discretion by not departing further to reduce his total sentence to 120 months'

1

imprisonment. He also argues the district court erred by sentencing him based on a history of prior convictions not determined beyond a reasonable doubt by a jury. The State failed to file a brief. We affirm the resentencing.

Since Dean's appeal "focuses on the extent of a durational departure," we review the district court's decision for abuse of discretion, "measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 808, 248 P.3d 256 (2011).

Dean argues "no reasonable person would take the view adopted by the district court that departure to a [120 month] sentence was not warranted." Thus, we consider whether the decision to depart to 277 months was arbitrary, fanciful, or unreasonable, and not whether it was based on an error of law or fact, the other possible grounds for abuse of discretion. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

At the outset, we summarize the facts of the crimes that Dean committed as found by our Supreme Court: When Dean was 57 years old, a 10-year-old girl, S.W., reported incidents of sexual abuse. She said they had touched each other in "'private places,'" which made her feel uncomfortable. 298 Kan. at 1024. Another child reported seeing Dean and S.W. French kissing. This child also said S.W. reported sleeping naked with Dean. S.W. then gave a forensic interview which detailed the abuse by Dean, including penetration.

At trial, the State played videos seized from Dean's home. These videos, apparently made by Dean, focused on the crotch areas of girls, including one video which showed girls exposing their genitalia. The State also admitted evidence of Dean's 1984 conviction for indecent liberties with a child.

2

A jury convicted Dean of rape, two counts of aggravated indecent liberties with a child, aggravated criminal sodomy, and sexual exploitation of a child. One of the aggravated indecent liberties with a child convictions was vacated before sentencing. The district court departed from the Jessica's Law sentences, "based on Dean's age, depression, alcohol use, and the length of time since his last conviction." 298 Kan. at 1031.

At resentencing, Dean testified in support of departure. He said he had not consumed alcohol since his imprisonment and that he was finished with his drinking problem. Dean said he had resolved the issues which led to his abuse of girls and that he was no longer a danger to the community. Dean had not taken the sex offender treatment program in prison, however, and he could not remember the name of the counselor with whom he meets in monthly sessions.

On appeal, Dean argues that considering "his advanced age and his efforts towards rehabilitation," the district court abused its discretion. The district court took Dean's age into account when deciding to depart, finding "due to the effects of older age, if released, [he] would most likely . . . pose very little danger to the community." But the district court made this finding based on its decision to impose a 277-month term. With good time credit, Dean would be eligible for release in his late 70's. If the term were additionally reduced to only 120 months, however, with good time credit Dean would be eligible for release in his mid 60's. We are persuaded that a reasonable person could agree with the district court that while Dean might not be much of a threat to the community after serving the guidelines sentence, he still could be a threat if further departure were granted.

Additionally, Dean blamed much of the sexual abuse on alcohol, and he presumably would have more access to the intoxicant if released. Dean could not show he had completed or even attempted sex offender treatment in prison, and his testimony

regarding monthly counseling was vague. Given the seriousness of the criminal conduct, together with Dean's testimony, the district court's decision on resentencing was not arbitrary, fanciful, or unreasonable.

Turning to Dean's second issue on appeal, that the district court erred by sentencing him based on prior convictions not determined beyond a reasonable doubt by a jury, Dean candidly acknowledges our Supreme Court ruled against his position in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Our Supreme Court has "repeatedly confirmed *Ivory*'s holding on numerous occasions thereafter." *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014). We are duty bound to follow this precedent. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012).

Affirmed.